UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD L. WASHINGTON (DOC #106426)

VERSUS                                                CIVIL ACTION

N. BURL CAIN, ET AL                                   NUMBER 14-493-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 13, 2015.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD L. WASHINGTON (DOC #106426)

VERSUS                                                CIVIL ACTION

N. BURL CAIN, ET AL                                   NUMBER 14-493-BAJ-SCR

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Asst. Warden Kevin Benjamin, Asst. Warden Troy Poret, Asst. Warden Tim Delaney, Cathy Fontenot, Chaplain Robert Toney and Bernadine St.Cyr. Plaintiff alleged that the defendants conspired to discriminate and retaliate against him for filing an administrative grievance complaining about the alleged interference with the exercise of his religious rights in violation of his constitutional rights.

Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) section 1915(g) applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id*. Dismissals include only those for which appeal has been exhausted or waived. *Id*. However, dismissals later reversed are not to be counted as a strike. *Id*. By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id*.

On October 29, 2014, the plaintiff's Motion to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915 was denied because on three prior occasions during detention the plaintiff brought an action that was dismissed as frivolous or for failure to state a claim upon which relief can be granted.[1] Plaintiff was granted 21 days from the date of the order to pay the court's filing fee in the amount of $400.00.

A review of the record showed that more than 21 days has

---

[1] Record document number 5. Section 1915(g) contains an exception that allows prisoners whose in forma pauperis privileges have been revoked to proceed in cases involving imminent danger of serious physical injury. Plaintiff's claims do not come within the exception.

elapsed and the plaintiff failed to pay the filing fee.  Despite clear notice that he must pay the full filing fee and having ample time to do so, the plaintiff failed to pay the filing fee. Therefore, the plaintiff's § 1983 complaint should be dismissed without prejudice.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's § 1983 complaint be dismissed without prejudice for failure to pay the filing fee.

Baton Rouge, Louisiana, January 13, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE